**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4328**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD MONTEZ KINLAW,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, District
Judge.  (2:01-cr-00010-PMD-8)

———————

Submitted:  September 29, 2006      Decided:  October 26, 2006

———————

Before MICHAEL, MOTZ, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Robert Haley, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.  Carlton R. Bourne, Jr., Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

In July 2001, Richard Montez Kinlaw pled guilty to drug-related charges and received a forty-month sentence of imprisonment, followed by four years supervised release. In 2005, Kinlaw's probation officer filed a petition to revoke Kinlaw's supervised release based on new criminal conduct and other violations of the supervised released conditions. At his revocation hearing, Kinlaw did not contest the allegations in the petitions. The district court found that Kinlaw committed the charged violations and revoked his supervised release. The court sentenced Kinlaw to thirty months in prison, six months below the statutory maximum.

On appeal, Kinlaw's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there are no meritorious issues to raise on appeal, but contending that the district court erred when it imposed a sentence outside the range recommended by the Chapter 7 advisory policy statement. Although informed of his right to do so, Kinlaw has not filed a pro se brief. We affirm.

We recently held in United States v. Crudup, 461 F.3d 433 (4th Cir. 2006), that we review sentences imposed upon the revocation of supervised release to determine whether the sentence is "plainly unreasonable." In this case, Kinlaw's sentence was within the applicable statutory maximum, the court considered the

Chapter 7 advisory guideline range of twelve to eighteen months, and the court stated a proper basis for its decision to sentence Kinlaw to thirty months in prison.  See Crudup, 461 F.3d at 440.  Specifically, the court noted the dangerous situation created when Kinlaw attempted to resist arrest in the middle median of a busy highway at night.  The court balanced the gravity of this situation with the manner in which Kinlaw admitted his guilt and claimed that his life had been changed.  Because Kinlaw's sentence was neither procedurally nor substantively unreasonable, we find that his sentence is not plainly unreasonable.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal.  Accordingly, we affirm the district court's order revoking Kinlaw's supervised release and imposing a thirty-month sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED